IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MARK POTTER,                                          10-CV-124-ST

            Plaintiff,                ORDER

v.

HELEN E. CAVALETTO, et al.,

            Defendants,

v.

THOMAS CROSSWHITE and
BARBARA CROSSWHITE,

            Intervenors-Defendants.


**MARK WILLIAM POTTER**
9200 S.E. Sunnybrook Blvd
Suite 430
Clackamas, OR 97015
503-914-6381
**STEPHEN P. RICKLES**

1 - ORDER

**MARTIN WILLIAM JAQUA**
The Rickles Law Firm, PC
One S.W. Columbia Street
Suite 1850
Portland, OR 97258
(503) 229-1850

        Attorneys for Plaintiff

**COREY B. TOLLIVER**
Powers McCulloch & Bennett, LLP
1300 SW 5th Avenue, Suite 1720
Portland, OR 97201
(503) 228-8588

        Attorneys for Defendants CC Equity, Inc., and CC
        Financial, Inc. (Corporate Defendants)

**MARK E. GRIFFIN**
Griffin & McCandlish
215 S.W. Washington Street
Suite 202
Portland, OR 97204
(503) 224-2348

**ERIC K. HELMY**
Northwest Business Law Group
818 S.W. Third Avenue PMB 1460
Portland, OR 97204
(503) 224-9946

        Attorneys for Intervenors-Defendants Thomas and
        Barbara Crosswhite

**BROWN, Judge.**

    Magistrate Judge Janice M. Stewart issued Findings and Recommendation (#96) on October 29, 2010, in which she recommends the Court grant Corporate Defendants' Motion (#50) for Summary Judgment, deny Intervenors' Motion (#65) for Summary Judgment, deny Intervenors' Motion (#72) for Default Judgment, and enter a

2 - ORDER

judgment dismissing Defendants-Intervenors from this action.

Intervenors filed timely Objections to the Findings and Recommendation.  On December 16, 2010, Intervenors filed a Reply to Corporate Defendants' Response to Objections.  On December 17, 2010, Corporate Defendants filed a Motion (#107) to Strike Intervenors' Reply.  On January 31, 2011, Corporate Defendants filed an Alternative Motion (#112) for Leave to File Sur-response to Intervenor's Objections to Findings and Recommendation.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

## I.    Corporate Defendants' Motions to Strike or in the Alternative Leave to File Sur-response to Objections.

Corporate Defendants move to strike Intervenors' Reply to Objections because replies to objections are not provided for in Rule 72 or the Local Rules.  Intervenors assert their Reply should be allowed because they were responding to an argument Corporate Defendants raised for the first time in their Response to Intervenors' Objections.  In any event, Intervenors concede they did not seek leave of Court before filing their Reply.

Replies to objections are not contemplated or provided for in Rule 72 or the Local Rules.  Generally the Court would strike a pleading that is not contemplated by any rule unless the filing party has obtained leave of Court.  Because, however, this matter has been litigated in at least two courts and has been particularly contentious, the Court will consider the matters

3 - ORDER

addressed in Intervenors' Reply and in Corporate Defendants' proposed Sur-response.  The Court advises Intervenors and the parties that it will not accept future filings from Intervenors or any party that are not contemplated by either the Federal Rules of Civil Procedure or the Local Rules of this Court unless Intervenors or the parties first seek leave of Court.

Accordingly, the Court **DENIES** Corporate Defendants' Motion (#107) to Strike the Intervenors' Reply, **GRANTS** Corporate Defendants' Alternative Motion (#112) for Leave to File Sur-response, and considers the arguments contained in Corporate Defendants' Sur-response.

**II. Portions of the Findings and Recommendations to which Intervenors do not object.**

Intervenors do not object to that portion of the Findings and Recommendation in which the Magistrate Judge recommends denying Intervenors' Motion for Summary Judgment and Motion to Enter Default.

When a party does not object to portions of a Magistrate Judge's Findings and Recommendation, this Court is relieved of its obligation to review the record *de novo* as to those portions of the Findings and Recommendation.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).  *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988). Having reviewed the legal principles *de novo* as to those portions

of the Findings and Recommendation to which Intervenors do not object, the Court does not find any error.

### III. Portions of the Findings and Recommendation to which Intervenors object.

Intervenors object to the portion of the Findings and Recommendation in which the Magistrate Judge recommends granting the Corporate Defendants' Motion for Summary Judgment.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

In their Objections, Intervenors mainly reiterate the arguments they made at the summary-judgment stage.  For the first time, however, Intervenors contend the Magistrate Judge did not have any authority to interpret the Settlement Agreement and should have referred issues of interpretation or enforcement of the Settlement Agreement to alternative dispute resolution (ADR). In their Response, Corporate Defendants rely on the Magistrate Judge's findings that Intervenors do not have standing to assert the right to ADR under the Settlement Agreement and, in any event, Intervenors waived any right to seek ADR.

### A. Background

The complicated factual background of this matter is

5 - ORDER

set out thoroughly in the Findings and Recommendation, and, therefore, the Court does not repeat it in its entirety here.

In summary, however, Intervenors and Corporate Defendants, among others, had a business relationship involving various irrevocable life-insurance trusts (ILITs). Plaintiff Mark Potter was the trustee of several of these ILITs. Intervenors and Corporate Defendants decided to end their business relationship in late 2006. Accordingly, Intervenors and Corporate Defendants engaged in a mediation in January 2007 to effectuate a "corporate divorce," and, among others, signed a Mediation Agreement, which set out the mediation procedure. The parties to the mediation also signed a Settlement Agreement that set out the promises and consideration provided by the parties to settle their claims as well as a provision in ¶ 14 regarding dispute resolution. In the Settlement Agreement, Intervenor Thomas Crosswhite agreed to "pay immediately the sum of [$550,000] to [a] trust account . . . to be further disbursed by an authorized officer of CCE or CCF."

On January 23, 2007, Crosswhite transferred the funds to the trust account, and Crosswhite's payment is the source of the interpleader funds at issue here.

At some point Intervenors brought a state-court action against Corporate Defendants and others alleging claims for breach of the Settlement Agreement, breach of the implied

covenant of good faith and fair dealing, and conversion. Intervenors sought damages for amounts due and owing under the Settlement Agreement for insurance renewals and other obligations.

The state court dismissed Intervenors' claims with prejudice and ultimately entered a limited judgment of dismissal against Intervenors and in favor of Corporate Defendants.  As the Magistrate Judge noted, that judgment made Corporate Defendants judgment creditors.  In that capacity, Corporate Defendants executed their judgment by directing the Clackamas County Sheriff to sell Intervenors' rights under the Settlement Agreement to satisfy the judgment.  On April 7, 2010, Corporate Defendants purchased the Intervenors' rights under the Settlement Agreement at public auction.  Although Intervenors moved to set aside the Sheriff's sale, the state court denied their motion.

On February 4, 2010, Plaintiff filed this interpleader action against Corporate Defendants, among others, and Plaintiff deposited $450,000 into the registry of the court.  On May 7, 2010, the Court permitted Barbara and Thomas Crosswhite to intervene in this matter "for the sole purpose of seeking claims against the interpleaded funds."

### B.     Intervenors' Standing

The Magistrate Judge found Intervenors no longer have any rights under the Settlement Agreement due to the Sheriff's

7 - ORDER

sale, and, therefore, Intervenors lack standing "to seek to enforce any of their rights under the Settlement Agreement." Findings and Recommendation at 13.  The Court agrees.

Accordingly, the Court concludes Intervenors' lack of standing to enforce any rights under the Settlement Agreement necessarily includes a lack of standing to assert any ADR provision of the Settlement Agreement.

**1.    Intervenors' Objections**.

Although Intervenors do not object to the Magistrate Judge's finding that the Sheriff's sale resulted in an effective transfer of "all" of Intervenors' "rights, title, and interest" in the Settlement Agreement, Intervenors contend (1) the right to rescind the Settlement Agreement is not a right but an obligation under that agreement, and, therefore, that obligation was not sold at auction; (2) the Magistrate Judge did not have the authority to interpret the effect of the state-court order due to the ADR provision in ¶ 14 of the Settlement Agreement; and (3) Corporate Defendants are estopped from asserting Intervenors do not have standing to assert their right to ADR.  According to Intervenors, therefore, they retain the right to seek ADR under the Settlement Agreement, to seek rescission of certain provisions of the Settlement Agreement, and to the return of funds they paid in consideration for the Settlement Agreement.

8 - ORDER

### 2. Obligations as opposed to rights under the Settlement Agreement.

In their summary-judgment materials Intervenors raised their first contention that rescission of the Settlement Agreement is an obligation under that agreement rather than a right. Intervenors merely reiterate that argument here. After reviewing Intervenors' arguments, the Court finds they do not provide a basis to modify the Findings and Recommendation.

### 3. Magistrate Judge's interpretation of the Sheriff's bill of sale.

Intervenors contend the determination of their rights under the Settlement Agreement that were subject to the Sheriff's sale constitutes a dispute that is subject to ADR under the provisions of the Settlement Agreement. As the Magistrate Judge noted, however, the writ of execution that directed the Sheriff to sell "all" of the Intervenors' contract rights under the Settlement Agreement did not contain an arbitration provision.

The Court agrees and, accordingly, finds the Magistrate Judge had the authority to interpret the meaning of the writ and the scope of what was sold at the public auction.

### 4. Estoppel.

Finally, Intervenors contend Corporate Defendants are estopped from "raising this issue." Intervenors contend Mark McCulloch, counsel for Corporate Defendants, took inconsistent

9 - ORDER

positions as to Intervenors' ability to rescind the Settlement Agreement in the state-court action and in this action.

Intervenors' allegations stem from representations made by McColloch during the state-court hearing on Intervenors' motion to set aside the Sheriff's sale.  Intervenors moved in state court to set aside the Sheriff's sale on the ground that the price paid for Intervenors' rights under the Settlement Agreement was so low that it "shocked the conscience."  During the hearing on Intervenors' motion, the state court attempted to determine the fair market value of Intervenors' rights at forced sale.  As part of that determination, the court asked McCulloch to opine on the likelihood of Intervenors' success in the state action.  McCulloch testified he did not believe Intervenors would succeed because they did not have a valid claim to recover the funds they paid as part of the settlement for a number of reasons.  After further argument from Intervenors and Corporate Defendants, the state court attributed little value to the Intervenors' right to seek a recovery of the money through rescission.

Here Corporate Defendants assert even if Intervenors had the right to get their money back at one point (which Corporate Defendants contest), Intervenors no longer own that right.  The Court finds Corporate Defendants' position is not inconsistent with the position taken by McCulloch during the

10 - ORDER

state proceeding.  The Court, therefore, concludes Corporate Defendants are not estopped from asserting that Intervenors no longer have any rights under the Settlement Agreement.

**C.   Intervenors' Waiver and/or Estoppel**

Intervenors assert in their Objections that the Magistrate Judge erred in interpreting the Settlement Agreement because Intervenors have the right to take this matter to ADR under ¶ 14 of that agreement.  Corporate Defendants, however, assert to the extent that Intervenors ever had any right to ADR under ¶ 14 of the Settlement Agreement, they waived that right because they did not seek ADR until after they specifically requested the Magistrate Judge to interpret the terms of the Settlement Agreement at summary judgment and after the Magistrate Judge issued the Findings and Recommendations.

**1.   Waiver.**

Corporate Defendants note Intervenors intervened in this action by filing a Motion in which they sought return of the money that they paid as consideration for the Settlement Agreement.  In addition, Intervenors asked the Magistrate Judge in two briefs during summary judgment proceedings to interpret the Settlement Agreement and to rescind a portion of it. Intervenors did not assert in their pleadings that they had a right to ADR with respect to these funds, that ¶ 14 of the Settlement Agreement required ADR, or that they wanted this

11 - ORDER

matter resolved by ADR. In addition, at the hearing on summary judgment, the Magistrate Judge engaged in a colloquy with Intervenors' counsel about the mediation issue a number of times including the following exchange:

> THE COURT: -- that their position was if you have a dispute over interpretation or enforcement of the [Settlement] agreement, you ought to be going to the mediator. That's what paragraph 14 says, rather than filing suit. I am not talking about the $450,000 right now. I am talking about generally the [Settlement] agreement and the position they are taking is that you waived paragraph 14 by filing the lawsuit. Your response is maybe with respect to the claims in that [state-court] lawsuit, but not with respect to this current dispute. Is that what you are saying?
>
> MR. GRIFFIN: Our dispute is a dispute that we own the funds. We are not suing CCE and CCF. We are saying that we have a superior claim to the funds. We are not asking for relief under the [Settlement] agreement.
>
> THE COURT: You are saying you have a superior claim because of the way you are interpreting the [Settlement] agreement. You can't get around that. The only way you have got any claim to these funds is how do you interpret the [Settlement] agreement. That directly brings in the dispute resolution clause of paragraph 14. I mean, yes. Yes. You are saying I have a claim to these interpleaded funds, but the reason you are saying you have it is because this dispute of the

12 - ORDER

>                    interpretation of paragraph 6.
>
>                                 * * *
>
>                    [Y]ou don't have any right to these
>                    funds.  You have to figure out why
>                    were they paid.  They were paid
>                    pursuant to paragraph 6.  What does
>                    paragraph 6 mean?  Does it mean
>                    that the corporations can do
>                    whatever they want with it?  Or
>                    does it mean, oh, no, there is a
>                    different intent of the parties
>                    here with respect to that payment,
>                    which is what you are arguing?  You
>                    can't ignore paragraph 6. That's
>                    why you paid the funds in the first
>                    instance.  So what do we do about
>                    this –
>
> MR. GRIFFIN:       We're asking to rescind paragraph
>                    6.  An arbitrator doesn't ask
>                    whether you can rescind paragraph
>                    6.  An arbitrator doesn't interpret
>                    paragraph 6 to see if it should be
>                    rescinded.

Tr. of Summ. J. Hr'g Sept. 27, 2010, at 16-18.  In fact, Intervenors' counsel assured the Magistrate Judge later in the hearing that they were not asking for this matter to go to ADR because "it doesn't apply."  Tr. 134-35.  Nevertheless, Intervenors now assert for the first time in their Objections that this dispute should have been submitted to ADR.

The Court concludes on this record that whether Intervenors' actions rose to the level of waiver is immaterial because, based on their arguments to the Magistrate Judge, Intervenors are now estopped from asserting that this matter should have been resolved by ADR.

13 - ORDER

    **2.   Estoppel**

In order to apply the doctrine of estoppel, the Ninth Circuit has held

> (1) the party to be estopped must be apprised of the facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel has a right to believe it was so intended; (3) the other party must be ignorant of the true state of facts; and (4) he must rely upon the conduct to his injury.

*Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1123 (9th Cir. 2008)(quotation omitted).  The record reflects Intervenors were well aware of the presence of ¶ 14 as well as the facts of this case through extensive litigation in two courts.  It is also clear on this record that Intervenors were aware Corporate Defendants and the Court were concerned about the applicability of the ADR provisions of ¶ 14 of the Settlement Agreement before, during, and after the summary-judgment proceedings.  Intervenors, however, assured the Magistrate Judge and Corporate Defendants that ¶ 14 and its ADR provisions did not apply to this matter, and both Corporate Defendants and the Magistrate Judge relied on Intervenors' assurances when arguing and deciding the issues on summary judgment.  On this record, therefore, the Court concludes Intervenors are estopped from now asserting that this matter should have been resolved by ADR and from asserting the Magistrate Judge erred by interpreting the provisions of the Settlement Agreement.  *See, e.g., Carr v. Liberty Life Assur.*

14 - ORDER

*Co.*, No. C05-3190 THE, 2009 WL 224943, at *3 (N.D. Cal. Jan. 29, 2009)(To allow [the plaintiff] to reverse course once again . . . would be to undermine the very purpose of the judicial estoppel doctrine - *i.e.*, to "preclude[ ] a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." (quoting *Risetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996)).

In summary, this Court has carefully considered Intervenors' Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

For these reasons, The Court **DENIES** Corporate Defendants' Motion (#107) to Strike Intervenors' Reply and **GRANTS** Corporate Defendants Alternative Motion (#112) for Leave to File Sur-response to Intervenors' Objections to Findings and Recommendation.

The Court also **ADOPTS** Magistrate Judge Stewart's Findings and Recommendation (#96) and, accordingly, **GRANTS** Corporate Defendants' Motion (#50) for Summary Judgment, **DENIES** Intervenors' Motion (#65) for Summary Judgment, **DENIES**

15 - ORDER

Intervenors' Motion (#72) for Default Judgment, and **DISMISSES** Intervenors from this action **with prejudice**.

    IT IS SO ORDERED.

    DATED this 16th day of February, 2011.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

16 - ORDER