IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MARK POTTER,                                    3:10-CV-00124-ST

                    Plaintiff,              OPINION AND ORDER

v.

HELEN E. CAVALETTO, et al.,

              Defendants,

v.

THOMAS CROSSWHITE and
BARBARA CROSSWHITE,

              Intervenors-Defendants.


MARK WILLIAM POTTER
9200 S.E. Sunnybrook Blvd
Suite 430
Clackamas, OR 97015
(503) 914-6381


1 - OPINION AND ORDER

**STEPHEN P. RICKLES**
**MARTIN WILLIAM JAQUA**
The Rickles Law Firm, PC
One S.W. Columbia Street
Suite 1850
Portland, OR 97258
(503) 229-1850

              Attorneys for Plaintiff

**COREY B. TOLLIVER**
Powers McCulloch & Bennett, LLP
1300 S.W. Fifth Avenue, Suite 1720
Portland, OR 97201
(503) 228-8588

                       Attorneys for Defendants CC Equity, Inc., and CC
Financial, Inc. (hereinafter referred to as
Corporate Defendants)

**MARK E. GRIFFIN**
Griffin & McCandlish
215 S.W. Washington Street
Suite 202
Portland, OR 97204
(503) 224-2348

**ERIC K. HELMY**
Northwest Business Law Group
818 S.W. Third Avenue PMB 1460
Portland, OR 97204
(503) 224-9946

                       Attorneys for Intervenors-Defendants Thomas and
Barbara Crosswhite

**BROWN, Judge.**

    This matter comes before the Court on Corporate Defendants'
Motion (#143) for Attorney Fees Against Intervenors Barbara and
Thomas Crosswhite and Corporate Defendants' Cost Bill (#144).
For the reasons that follow, the Court **GRANTS** Corporate

Defendants' Motion and awards attorneys' fees to Corporate Defendants in the amount of **$59,674.80**.  The Court also awards costs to Corporate Defendants in the amount of **$303.28**.

## BACKGROUND

On October 29, 2010, Magistrate Judge Janice M. Stewart issued Findings and Recommendation in which she recommended the Court grant Corporate Defendants' Motion for Summary Judgment, deny Intervenors' Motion for Summary Judgment, deny Intervenors' Motion for Default Judgment, award Corporate Defendants their attorneys' fees, and enter a judgment dismissing Defendants-Intervenors from this action.  Intervenors filed timely Objections.

On February 17, 2011, the Court entered an Order adopting the Findings and Recommendation to the extent that the Court granted Corporate Defendants' Motion for Summary Judgment, denied Intervenors' Motion for Summary Judgment, denied Intervenors' Motion for Default Judgment, allowed Corporate Defendants reasonable attorneys' fees, and dismissed Intervenors from the action with prejudice.

On July 11, 2011, the Court entered a Judgment and Order to Disburse Funds in which it dismissed Intervenors from the action with prejudice, dismissed Plaintiff from the action, discharged Plaintiff from any liability for claims by Defendants to the

3 - OPINION AND ORDER

interpled funds, and disbursed the interpled funds as set out in
the Judgment and Order.

On July 14, 2011, Corporate Defendants filed a Motion for
Attorney Fees and Costs Against Intervenors Barbara and Thomas
Crosswhite and a Cost Bill.

## CORPORATE DEFENDANTS' MOTION (#143) FOR ATTORNEY FEES

### I.   Corporate Defendants are entitled to an award of reasonable attorneys' fees.

As noted in the Findings and Recommendation, Corporate
Defendants seek attorneys' fees pursuant to Oregon Revised
Statute § 20.096, which provides "the party that prevails on the
claim shall be entitled to reasonable attorney fees in addition
to costs and disbursements" if the action is "based on a contract
that specifically provides . . . attorney fees and costs incurred
to enforce the provisions of the contract shall be awarded to one
of the parties."  Corporate Defendants also rely on the following
provision of the Settlement Agreement:  "If any action is brought
by any Party to this Agreement to enforce or interpret its terms
or provisions, the prevailing party will be entitled to
reasonable attorney fees and costs incurred with the action
before and at trial and on any appeal or review."

The Magistrate Judge noted Intervenors objected to Corporate
Defendants' request for attorneys' fees on the ground that the
provision of the Settlement Agreement relating to fees was not

4 - OPINION AND ORDER

applicable because Intervenors were crossclaiming for the

interpled funds under 28 U.S.C. § 1335 rather than under the

Settlement Agreement.   The Magistrate Judge, however, recommended

the Court award Corporate Defendants their reasonable attorneys'

fees:

> Though jurisdiction for the underlying
> interpleader Complaint is based on 28 USC § 1335,
> Intervenors filed a Crossclaim asserting their
> right to the interpleader funds based on the
> alleged purpose for the payment of the funds.
> Although the Crossclaim does not specifically
> refer to the Settlement Agreement, the
> Intervenors' opposition to the Corporate
> Defendants' summary judgment motion, as well as
> their argument in support of their own
> cross-motion for summary judgment, relies heavily
> on their interpretation of ¶ 6(b)(I) of the
> Settlement Agreement.   Because the Intervenors
> brought a Crossclaim to establish their superior
> right to the interpleader funds arising from their
> attempt to "enforce or interpret" ¶ 6(b)(I) of the
> Settlement Agreement, the Intervenors also are
> subject to the attorney fee provision of the
> Settlement Agreement.   Accordingly, the Corporate
> Defendants  should be granted an award of
> attorneys fees incurred to defend against the
> Intervenors' Crossclaim.

October 29, 2010, Findings and Recommendation at 24-25.   The

Court did not find any error in the Magistrate Judge's reasoning

and adopted the recommendation to award Corporate Defendants

their reasonable attorneys' fees.   Accordingly, the Court now

must determine a reasonable amount of attorneys' fees.

## II.   Attorneys' fee standards

When determining the amount of an award for attorneys' fees,

Oregon Revised Statute § 20.075(2) directs the Court to consider:

(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

(c) The fee customarily charged in the locality for similar legal services.

(d) The amount involved in the controversy and the results obtained.

(e) The time limitations imposed by the client or the circumstances of the case.

(f) The nature and length of the attorney's professional relationship with the client.

(g) The experience, reputation and ability of the attorney performing the services.

(h) Whether the fee of the attorney is fixed or contingent.

## III. Analysis of time requested

In their Motion for Attorney Fees, Corporate Defendants sought $56,378.80 in attorneys' fees.  In their Reply, Corporate Defendants reduced their request for attorneys' fees to $55,938.80.  In a Supplemental Declaration filed on September 6, 2011, however, Corporate Defendants sought an additional $5,856.00 in attorneys' fees for preparing their Motion for Attorney Fees and their Reply.  Corporate Defendants, therefore, seek a total of $61,510.80 in attorneys' fees.

Intervenors object to the amount of time allegedly expended

by Corporate Defendants on this matter.   In particular,
Intervenors object to almost every time entry on the grounds that
Corporate Defendants (1) fail "to distinguish or segregate
issues" or (2) seek remuneration for time spent interacting with
the other Defendants in this matter, for time spent on the
"global settlement," or for clerical-work time.

### A.   Segregation of issues

In their Crossclaim, Intervenors sought "to establish
their superior right to the interpleader funds arising from their
attempt to enforce or interpret ¶ 6(b)(I) of the Settlement
Agreement."   The majority of Intervenors' objections to the
attorneys' fees sought by Corporate Defendants rest on
Intervenors' assertion that Corporate Defendants are entitled to
attorneys' fees only for the time they spent either prosecuting
or defending "issues" related to the Agreement.   Thus,
Intervenors assert Corporate Defendants are not entitled to any
remuneration for time entries that do not explicitly mention the
Agreement.

Corporate Defendants, however, point out that fees for
a prevailing party under Oregon law are determined on a claim-by-
claim basis rather than an issue-by-issue basis.   *See* Or. Rev.
Stat. § 20.077(2)("For the purposes of making an award of
attorney fees on a claim, the prevailing party is the party who
receives a favorable judgment or arbitration award on the

claim."). *See also Beggs v. Hart*, 221 Or. App. 528, 537
(2008) ("[T]he court failed to acknowledge that defendant
prevailed on his claim for specific performance of the option
agreement. . . . Accordingly, on remand, the trial court must
consider on a claim-by-claim basis under ORS 20.077 who received
a 'favorable judgment' and is, therefore, the 'prevailing party'
for each claim."); *Bennett v. Baugh*, 164 Or. App. 243, 247
(1999) ("When a party prevails in an action that encompasses both
a claim for which attorney fees are authorized and a claim for
which they are not, the trial court must apportion attorney fees,
except when there are issues common to both claims.").

As Corporate Defendants note, Intervenors alleged a
claim of interpleader based on the Agreement, which is, in
essence a contract claim.  Corporate Defendants filed a Motion
for Summary Judgment on the contract claim, and Intervenors
cross-moved for summary judgment on the contract claim.  Although
the contract claim involved a number of issues, it was a single
claim on which Corporate Defendants prevailed.  Accordingly,
Intervenors' assertion that Corporate Defendants are not entitled
to fees for time reflected in entries that do not specifically
state that time is related to the Agreement is without merit.
Accordingly, the Court declines to reduce Corporate Defendants'
requested fees on that basis.

In addition, to the extent that Intervenors assert

Corporate Defendants are not entitled to fees for the time spent researching legal issues that Intervenors ultimately advised the Court and Corporate Defendants that Intervenors did not intend to assert, the Court finds Intervenors' argument to be without merit. This case has an extremely complicated procedural history, and Intervenors' grounds for intervening were both unclear at the outset and subject to change throughout the litigation. On this record the Court concludes it was not unreasonable or unexpected that Corporate Defendants spent time researching various legal issues that ultimately did not prove to be the basis for Intervenors' claim. Accordingly, the Court also declines to reduce Corporate Defendants' requested fees on this basis.

**B. Time spent dealing with Plaintiff and other Defendants**

Intervenors also challenge Corporate Defendants' entries for the time Corporate Defendants spent interacting with Plaintiff and the other Defendants in this matter. Corporate Defendants point out, however, that this matter was basically settled before intervention. Because of Intervenors' actions, Corporate Defendants were required to review other Defendants' Answers, respond to Intervenors' Motion for Entry of Default as to the other Defendants, and to respond to Plaintiff's Motion to Dismiss Plaintiff from the matter. The Court agrees and, therefore, declines to reduce Corporate Defendants' requested

fees for the time Corporate Defendants spent dealing with the
other parties in this matter.

**C.    Time spent on the "global settlement"**

Intervenors also object to fees for the time that
Corporate Defendants spent working on the "global settlement."
Intervenors use the term global settlement to refer to the
settlement reached in this matter between Corporate Defendants
and the other Defendants related to disbursement of the interpled
funds.  Corporate Defendants assert they are properly entitled to
this time because it was spent as a direct result of Intervenors'
actions.  Specifically, Corporate Defendants note on April 5,
2011, which was after the Court had dismissed Intervenors from
this matter, Intervenors sent Plaintiff and Corporate Defendants
a letter in which Intervenors demanded to be part of the
settlement talks between all Defendants and Plaintiff.  Corporate
Defendants declined to include Intervenors on the ground that
they were no longer parties to the matter.  Intervenors, however,
insisted the "interpleader action is not over," that Intervenors
had a meritorious claim, and that the Court's decision would be
reversed.  Intervenors also advised they would accept $150,000 to
settle this matter if Corporate Defendants abandoned their claim
to the funds; otherwise Intervenors would appeal.  Corporate
Defendants rejected Intervenors' offer and continued with the
global settlement.

The Court declines on this record to reduce Corporate Defendants' time spent on the global settlement.

### D.  **Time spent on clerical matters**

Intervenors object to a number of time entries on the ground that they involve clerical tasks not chargeable as attorneys' fees.  In particular, Intervenors object to the time billed for calls to the Court regarding pending motions, emails to counsel for other Defendants, and emailing hearing transcripts to Corporate Defendants.  The Court agrees these tasks are administrative and clerical in nature.  There is not anything about these tasks in Corporate Defendants' records to suggest that they required particular legal knowledge or that only an attorney could have performed these tasks.  Accordingly, the Court disallows .3 hours of law clerk Jonathan Spare's time and 1.4 hours of attorney Corey Tolliver's time for clerical tasks.

### E.  **Specificity**

Intervenors also challenge a number of time entries for lack of specificity.  In response, Corporate Defendants filed a Supplemental Declaration of Corey Tolliver in which he provides clarification of the entries to which Intervenors object.  The Court finds Corporate Defendants' clarifications sufficient and, therefore, declines to disallow Corporate Defendants the time requested in these entries.

11 - OPINION AND ORDER

## IV. Analysis of rates requested

Corporate Defendants seek attorneys' fees of $61,794.80 comprised of work by three attorneys and three law clerks.

Intervenors do not object to the rates sought by Corporate Defendants. Nevertheless, the Court has an independent duty to review Corporate Defendants' Motion for Attorney Fees for reasonableness.

To determine reasonable hourly rates, this Court uses the most recent Oregon State Bar Economic Survey published in 2007 (Oregon 2007 Survey) as its initial benchmark. Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors.

### A. Hourly rates for attorneys

Mark McCulloch had over 40 years of experience during the course of this action and requests $350 per hour. According to the Oregon 2007 Survey, Portland attorneys with McCulloch's level of experience bill on average at a rate of $300 per hour. The 75th percentile of Portland attorneys with his level of experience bill at an average hourly rate of $350. The Court, therefore, concludes the requested rate of $350 per hour is a reasonable rate for McCulloch's services.

Michael Licurse had over seven years of experience during the course of this action and requests $175 per hour. According to the Oregon 2007 Survey, Portland attorneys with this

12 - OPINION AND ORDER

level of experience bill on average at a rate of $239 per hour.
The Court, therefore, concludes the requested rate of $175 per
hour is a reasonable rate for Licurse's services.

Corey Tolliver had over four years of experience during
the course of this action and requests $160 per hour.  According
to the Oregon 2007 Survey, Portland attorneys with this level of
experience bill on average at a rate of $188 per hour.  The
Court, therefore, concludes the requested rate of $160 per hour
is a reasonable rate for Tolliver's services.

**B.    Hourly rates for law clerks**

Corporate Defendants request 143.6 hours of law-clerk
time by Jonathan Spare at $120 per hour, 19.7 hours of law-clerk
time by Julia Jacyno at $120 per hour, and 7.1 hours of law-clerk
time by Vincent Sliwoski at $80 per hour.  Corporate Defendants
do not provide the Court with any specific information about the
experience of Spare, Jacyno, or Sliwoski.  In his Declaration
Tolliver states Spare, Jacyno, and Vincent are "Oregon State Bar
members working as law clerks, and their rates are well below the
average rate for Oregon attorneys with less than 3 years
experience."  Decl. of Corey Tolliver at ¶ 4.

The Oregon State Bar Membership Directory reflects
Spare was admitted to the Oregon State Bar on February 10, 2009,
and Sliwoski was admitted October 7, 2010.  Spare and Sliwoski,
therefore, had between one and three years of experience during

13 - OPINION AND ORDER

the course of this action.  According to the Oregon 2007 Survey,
Portland attorneys with this level of experience bill on average
at a rate of $177 per hour.  The Court, therefore, concludes the
requested rates of $120 per hour for Spare and $80 per hour for
Sliwoski are reasonable for their services.

      The Oregon State Bar Membership Directory reflects
Jacyno was admitted to the Oregon State Bar on May 1, 2008.  Her
status, however, is currently "suspended-nondisciplinary."  It is
unclear when Jacyno was suspended, and, therefore, it is unclear
whether she was a practicing attorney during this matter.  The
Court, therefore, lacks sufficient information to evaluate
Jacyno's time under the rubric of the Oregon 2007 Survey.
Corporate Defendants also did not provide any information
regarding reasonable hourly rates for law clerks in the Portland
area where Jacyno worked.  Accordingly, the Court declines to
award fees at the requested rate for Jacyno.  Instead the Court
applies the minimal rate of $40 per hour requested for Jacyno's
time as a law clerk in the absence of any evidence to support
more.

      In summary, the Court awards attorneys' fees to Corporate
Defendants in the amount of **$59,674.80**.[1]

---

[1] A detailed calculation of the amount of attorneys' fees
awarded is contained in Exhibit 1 to this Opinion and Order.

## CORPORATE DEFENDANTS' COST BILL (#144)

Corporate Defendants request costs in the amount of $303.28 for postage, copying charges, and the cost of the transcript of the summary-judgment hearing.

## I.    Standards

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law.  *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

As noted, costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court

15 – OPINION AND ORDER

directs otherwise.  Fed. R. Civ. P. 54(d).  The court must limit

an award of costs to those defined in 28 U.S.C. § 1920 unless

otherwise provided for by statute.  *Grove v. Wells Fargo Fin.*

*Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010).  *See also*

*Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*,

920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v.*

*J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

## II.  **Analysis**

Intervenors object to Corporate Defendants' cost bill on the

ground that Corporate Defendants did not "segregate costs" by

issue.  As noted, prevailing-party status is determined on a

claim-by-claim basis rather than an issue-by-issue basis.

Corporate Defendants prevailed on its claim in this matter, and,

therefore, it is not required to segregate costs.

Accordingly, on this record and in the exercise

of its discretion, the Court awards Corporate Defendants costs in

the amount of **$303.28.**


## CONCLUSION

For these reasons, the Court **GRANTS** Corporate

Defendants' Motion (#143) for Attorney Fees Against Intervenors

Barbara and Thomas Crosswhite and awards attorneys' fees to

Corporate Defendants in the amount of **$59,674.80.**  The Court also

awards the costs requested in Corporate Defendants' Cost Bill

16 - OPINION AND ORDER

(#144) in the amount of **$303.28.**

IT IS SO ORDERED.

DATED this 28th day of October, 2011.

ANNA J. BROWN
United States District

17 - OPINION AND ORDER

*Potter v. Cavaletto*
10-CV-124-BR

Attorney's Fees

| Attorney | Hours requested | Hours reduced by Defendants | Disallowed hours | A Total hours allowed | Rate requested | B Rate allowed | (A x B) Total fees allowed |
|---|---|---|---|---|---|---|---|
| Mark McCulloch | 10.4 | | | 10.4 | 350 | 350 | $ 3,640.00 |
| Corey Tolliver | 238.93 | 3.7 | 1.4 | 233.83 | 160 | 160 | $37,412.80 |
| Michael Licurse | 0.4 | | | 0.4 | 175 | 175 | $ 70.00 |
| | | | | | | | |
| **Law Clerk** | | | | | | | |
| Jonathan Spare | 144.7 | 1.1 | 0.3 | 143.3 | 120 | 120 | $17,196.00 |
| Julia Jacyno | 19.7 | | | 19.7 | 120 | 40 | $ 788.00 |
| Vincen Sliwoski | 7.1 | | | 7.1 | 80 | 80 | $ 568.00 |

**Total Attorney's Fees Awarded    =    $59,674.80**

Exhibit 1